Mr. Justice Scott delivered the opinion of the Court. This was a proceeding by scire facias to revive a judgment and its lien. Fowler, one of the defendants below, interposed four pleas : 1st. That there was no such record : 2d. Payment: 3d. Statute of limitation of five years: 4th. Statute of limitations of ten years. The fourth plea was stricken out; a demurrer to the third was sustained; and the issues joined on the two others, were found for the plaintiff’s below. Alexander, the other defendant below, interposed four pleas in abatement: 1st. That the scire facias was sued out more than seven years after the date of the judgment without motion at side bar : 2d. Without motion in court: 3d. That it was sued out more than ten years after the date of the judgment without first obtaining the leave of court, supported by affidavit that the judgment was still unsatisfied : 4th. That the scire facias itself was defective, because it commanded the sheriff to summon the defendant to appear and show cause, instead of commanding him that, by “honest and lawful men,” he should “make known to the defendants that they should appear and show cause.” All four of these pleas were stricken out, and Alexander saying nothing further, the judgment was revived, and the case brought here on writ of error. It is insisted that these pleas were good, and some English and New York authorities are cited to sustain them. The same question raised here as to Alexander’s first three pleas, was made in Kentucky, in the case of Edwards vs. Coleman, (2 A. K. Marsh. 249,) and the objection was disallowed. The court of appeals of Kentucky holding that it was founded upon a mere rule of practice of the English courts, which was not obligatory upon the courts of Kentucky. Nor have these rules been adopted in any of the States of the Union except New York, so far' as we have been advised. Their tendency would seem to be to hinder rather than to advance justice, besides the objection of unnecessary expense. And we have statutory provisions for placing upon the record evidence that a judgment has been satisfied, otherwise' than by execution, which did not exist in England—(Digest, chap. 93, page 625, secs. 21-25 et seq.)—which probably remove the grounds, upon which the English rules rested, to a considerable extent. And in general, our courts allow to their suitors a more free use of process than the English courts. With regard to the matter of the fourth plea, we think it altogether unsubstantial. Judge Tucker, in his Lectures, (2 vol., p. 335,) say's,, “the scire facias is a writ or summons which calls upon the defendant to show' cause,” &c. We find no error in the record, and the judgment must be af-’ firmed.